OPINION. Opper, Judge'. We can not distinguish this case from Longhorn Portland Cement Co. (C. C. A., 5th Cir.), 148 Fed. (2d) 276; certiorari denied, 326 U. S. 728, except in two respects which Scioto Provision Co., 9 T. C. 439, and Universal Atlas Cement Co., 9 T. C. 971; affirmed per curiam (C. A., 2d Cir.), 171 Fed. (2d) 294; certiorari denied, 336 U. S. 962, render immaterial. The Longhorn case was a reversal of the Tax Court, but its principle has now been adopted here. Universal Atlas Cement Co., supra. And the exaction in the Longhorn case was denominated a “penalty,” whereas here it is referred to as “liquidated damages.” But the possible operation of such punitive payments, however denominated, as penalties designed to discourage violations of Government policy, is inescapable. The legislation with which we are here concerned is the Walsh-Healey Act:[1] “Its purpose is * * * to raise labor standards” through use of Government purchases and “the Secretary [of Labor] * * * was authorized to investigate * * * an alleged violation of this Act * * Endicott Johnson Corporation v. Perkins, 317 U. S. 501, 507-508. The national policy becomes peculiarly apparent with respect to objectives like profiteering, Scioto Provision Co., supra, and the control of child labor.[2] We refused in the Scioto case to regard as material whether the payments there made of “treble damages” were “penal or * * * in the nature of civil damages,” and we see no reason to do otherwise here. It is as evident as it was in the Longhorn case that “to permit the violator to gain a tax advantage through deducting the amount of penalty as a business expense, and thus to mitigate the degree of his punishment, would frustrate the purpose and the effectiveness of that public policy.” The aptness of the quoted statement is even more apparent when the tax rates imposed by the excess profits tax are considered. On authority of the cases cited, Decision will he entered for the respondent. Reviewed by the Court. 41 U. S. C., see. 35. That Congress In fact considered such payments an effectuation of this purpose appears from the House Report on the Walsh-Healey Act: “Section 2 is the penalty section. Briefly It provides for • • * (b) a penalty In the sum of $10 per day for each person employed In violation of the child labor and convict labor provisions * * (H. Rept. (Judiciary Committee) No. 2946, 74th Cong., 2d sess., p. 5.) On the floor of the House, Congressman Healey, who Introduced the bill, made a similar reference: “The second section deals with the penalty for the employment of children and convicts and also makes provision for the recovery of deductions and kick-backs, and the procedure for their repayment to those persons from whom these sums have been withheld.” (80 Cong. Rec., p. 10002.)